COPY

ORIGINAL FILED
JUL 3 '02
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Katherine M. Basile (SBN 132518)
Robert N. Phillips (SBN 120790)
Erica J. Heibel (SBN 197470)
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, CA 94025-3741
Telephone: (650) 463-8100
Facsimile: (650) 463-8400

Attorneys for Plaintiff
PROTEIN DESIGN LABS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C02-03185 BZ

| | |
|---|---|
| PROTEIN DESIGN LABS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRESCRIPTION DISPENSING LABORATORIES, INC., a Texas corporation,<br><br>Defendant. | Civil Action No.:<br><br>ADR<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>E-filing |

Plaintiff Protein Design Labs, Inc. ("Protein Design Labs"), by its attorneys, alleges as follows:

1. This action arises from Defendant Prescription Dispensing Laboratories, Inc.'s ("Defendant") use of "PDL" – which is identical to Protein Design Labs' PDL mark and trade name – as a trademark and trade name in connection with pharmaceutical research and pharmaceutical compounding. Defendant's use of PDL is likely to cause confusion and dilute the Protein Design Lab's PDL mark. Consequently, Protein Design Labs seeks preliminary and permanent injunctive relief and damages for injuries that have been, and will continue to be, caused by Defendant's use of the PDL trademark and trade name in violation of the Lanham Act (15 U.S.C. §§ 1051-1127 *et seq.*), the Federal Trademark Dilution Act of 1995 (15 U.S.C.

§ 1125(c)), the California Dilution Act (Cal. Bus. and Prof. Code § 14330), California statutory unfair competition law (Cal. Bus. and Prof. Code § 17200) and the common law doctrines of unfair competition and trademark infringement.

## I. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367. Protein Design Labs' claims are, in part, based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051-1127. The Court has jurisdiction over the state and common law claims pursuant to 28 U.S.C. §§ 1332, 1338(b), and 1367.

3. Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c). Protein Design Labs is informed and believes that Defendant transacts business in the Northern District of California and may otherwise be found there, and a substantial part of the events and omissions giving rise to Protein Design Labs' claims occurred in this district.

## II. INTRADISTRICT ASSIGNMENT

4. This action arises in Santa Clara County and is properly assigned to the San Jose Division of this Court pursuant to Local Rules 3-2(c) and (e).

## III. THE PARTIES

5. Plaintiff Protein Design Labs, Inc. is a Delaware corporation having its principal place of business as 34801 Campus Drive, Fremont, California. Protein Design Labs develops, manufactures, licenses, and sells humanized monoclonal antibodies to treat human diseases and conditions.

6. Defendant is a Texas corporation believed to be located in 19230 Stone Oak Parkway, Suite 200, San Antonio, Texas. On information and belief, Defendant is in the business of pharmaceutical research for drug delivery systems and the therapeutic application of drugs and pharmaceutical compounding, *i.e.* preparing, mixing and packaging drugs and pharmaceutical preparations.

## IV. PLAINTIFF'S BUSINESS AND MARKS

7. Protein Design Labs is a pharmaceutical and drug development company. Protein Design Labs is a leader in the development of humanized antibodies used to prevent or treat

disease conditions including treatments for autoimmune and inflammatory conditions, asthma and cancer. Protein Design Labs owns fundamental patents for its antibody humanizing technology and acts as both a licensor and manufacturer of humanized antibodies and the related treatments or drug therapies.

8. Since its founding in 1986, almost sixteen years ago, Protein Design Labs has used PDL as a trade name, a trademark, and a service mark to identify its entire line of products, services and clinical trials. PDL is a valuable and respected name and trademark, particularly in the pharmaceutical industry and medical profession. Protein Design Labs is widely recognized in its industry as a leader in humanized monoclonal antibody research and product development. Protein Design Labs has licensed its technology to numerous other pharmaceutical and biotech companies including Genentech, Hoffman-LaRoche Inc., Wyeth, GlaxoSmithKline and others. Protein Design Labs also owns manufacturing facilities and sells humanized antibodies to others. It does business in interstate commerce, including the Northern District of California.

9. Protein Design Labs uses PDL as its "house mark" as well as its trademark or service mark in association with its goods, services and clinical trials. In 2001 alone, Protein Design Labs had over $44 million in revenue under agreements with third parties for PDL's technology and services. In addition, Protein Design Labs has undertaken significant research and clinical trials in association with the PDL mark. Protein Design Labs continues to progress towards the development of proprietary drugs that will be marketed under the PDL mark. Thus, Protein Design Labs owns valuable common law trademark rights in the PDL name and mark.

10. Protein Design Labs is the owner of U.S. Trademark Registration No. 1942060 issued on December 19, 1995 for the mark PDL & Design in International Class 5 for use in connection with pharmaceutical preparations for the treatment of cancer. This registration, duly and legally issued by the United States Patent and Trademark Office, is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065. Protein Design Labs uses the notice of registration, "®", with its PDL mark pursuant to 15 U.S.C. § 1111. A copy of this registration is attached hereto as Exhibit A. Furthermore, Protein Design Labs owns common law trademark rights in the above mark.

11. Protein Design Labs is the owner of pending U.S. Trademark Application No. 76/364,982 to federally register the mark PDL & Design in International Class 5 for use in connection with pharmaceutical preparations namely, antibodies used to prevent, treat and diagnose diseases. Protein Design Labs currently uses this mark. Furthermore, Protein Design Labs owns common law trademark rights in the above mark.

12. Protein Design Labs maintains an Internet site on the World Wide Web at the address www.pdl.com. Protein Design Labs uses its trade name and trademark as an Internet address in order to make it easy for customers to locate Protein Design Labs' Web site, and to identify that the Web site is owned by Protein Design Labs. Protein Design Labs' Web site features the PDL mark.

13. Since its introduction, Protein Design Labs has devoted significant effort and expense to market its technology and services and to undertake clinical trials in association with its PDL mark and to establish its brand identity through media efforts and its significant presence at major medical conferences and symposia, and through its internet presence.

14. As a consequence of the extensive sales under, and advertising, promotion, and use of the PDL mark, Protein Design Labs has developed substantial recognition for its humanized monoclonal antibody technology, products and services under the PDL mark and has acquired and now enjoys a valuable reputation and goodwill under the mark. The PDL mark is a "famous" mark for purposes of 15 U.S.C. § 1125(c)(1).

## V. DEFENDANT'S BUSINESS

15. On information and belief, Defendant uses the PDL mark and trade name in connection with pharmaceutical research and drug development, including drug delivery systems and the therapeutic application of drugs. On information and belief, Defendant also operates a pharmaceutical compounding company that prepares, mixes and packages drugs and pharmaceutical preparations. On further information and belief, Defendant's use of the PDL mark includes use in marketing materials, directly on its products.

16. On information and belief, Defendant owns and uses its internet web site at www.pdlabs.net and uses it in conjunction with the PDL mark and tradename.

17. Defendant's PDL trademark and trade name is identical to Protein Design Labs' PDL mark and is nearly identical to its PDL & Design marks.

18. In about September of 2001, Protein Design Labs discovered Defendant's use of the PDL mark, tradename and domain name.

19. Protein Design Labs promptly contacted Defendant and expressed its concerns about Defendant's use of the PDL mark, trade name and domain name. Protein Design Labs explained that the PDL mark, trade name and domain name incorporate Protein Design Labs' entire mark and that this use is likely to confuse consumers about the source or sponsorship of the PDL goods and services. Despite Protein Design Labs' numerous attempts to explain its position and amicably resolve the dispute, Defendant has refused to voluntarily change its mark, leaving Protein Design Labs no choice but to file this Complaint. Defendant has filed a declaratory judgment action in Texas that relates to some of the claims and causes of action contained in this Complaint. Within days of filing this Complaint, Protein Design Labs will be filing a Motion under Federal Rule of Civil Procedure 12(b)(2) and (3) to dismiss that lawsuit for lack of subject matter jurisdiction and improper venue and, alternatively, to transfer to this District and under 28 U.S.C. Section 1404(a) to transfer to this District and consolidate.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

20. Protein Design Labs realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 19 of this Complaint.

21. Defendant either had actual notice and knowledge, or had constructive notice, of Protein Design Labs' ownership and registration of the PDL mark pursuant to 15 U.S.C. § 1072 prior to Defendant's adoption and use of the PDL mark, trade name and pdlabs.net domain name.

22. Upon information and belief, Defendant was aware of Protein Design Labs' business and its PDL mark and registration prior to the adoption and use of the PDL mark, trade name and pdlabs.net domain name in connection with the advertising, marketing, and sale of its goods and services under the PDL mark, and prior to its adoption and use of the PDL mark, trade name and pdlabs.net domain name.

23. Upon information and belief, Defendant deliberately and willfully used and is using the PDL mark, trade name and pdlabs.net domain name in connection with the advertising, marketing, and sale of Defendant's goods and services in an attempt to trade on the goodwill, reputation, and selling power established by Protein Design Labs under the PDL mark.

24. Upon information and belief, Defendant has advertised, or caused to be advertised, goods and services under the PDL mark, trade name and pdlabs.net domain name in interstate commerce, and has transported or has caused to be transported these goods and sold services in interstate commerce under the same designation.

25. Protein Design Labs has not consented to Defendant's use of the PDL mark, trade name and pdlabs.net domain name.

26. Defendant's unauthorized use of the PDL mark, trade name and pdlabs.net domain name falsely indicates to consumers that Defendant's goods and services are in some manner connected with, sponsored by, affiliated with, or related to Protein Design Labs, Protein Design Labs' licensees, and the goods and services of Protein Design Labs and/or Protein Design Labs' licensees.

27. Defendant's unauthorized use of the PDL mark, trade name and domain name also causes consumers to be confused as to the source, nature and quality of the goods and services that Defendant is promoting, distributing, and selling under the PDL mark, trade name and pdlabs.net domain name.

28. Defendant's unauthorized use of the PDL mark, trade name and pdlabs.net domain name in connection with the advertising, marketing, distribution, and sale of their goods and services allows, and will continue to allow, Defendant to receive the benefit of the goodwill established at great labor and expense by Protein Design Labs and to gain acceptance of Defendant's goods and services under the PDL mark, trade name and pdlabs.net domain name not based on the merits of those goods and services, but on the reputation and goodwill of Protein Design Labs.

29. Defendant's unauthorized use of the PDL mark, trade name and pdlabs.net domain name in connection with the advertising, marketing, distribution, and sale of its goods

and services deprives Protein Design Labs of the ability to control the consumer perception of the quality of the goods and services marketed under the PDL mark, and places the valuable reputation and goodwill of Protein Design Labs in the hands of Defendant, over whom Protein Design Labs has no control.

30. The aforementioned activities of Defendant are likely to cause confusion, or to cause mistake, or to deceive consumers or potential consumers wishing to purchase Protein Design Labs' products and services.

31. The aforementioned acts of Defendant constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

32. The intentional nature of the aforementioned acts of Defendant makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

33. Protein Design Labs has been, is now, and will be irreparably injured and damaged by Defendant's trademark infringement insofar as the public has been and/or is deceived into believing that the goods and services marketed under the PDL mark, trade name and pdlabs.net domain name are connected with, sponsored by, affiliated with, or related to Protein Design Labs.

34. Defendant's conduct has damaged Protein Design Labs and will, unless enjoined by the Court, further impair the value of Protein Design Labs' name, reputation, and goodwill. This harm constitutes an injury for which Protein Design Labs has no adequate remedy at law.

**SECOND CAUSE OF ACTION**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

35. Protein Design Labs realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 34 of this Complaint.

36. Defendant's unauthorized use of the PDL mark, trade name and pdlabs.net domain name in connection with the advertising, marketing, distribution, and sale of their goods and services falsely suggests that these products are connected with, sponsored by, affiliated with, or related to Protein Design Labs.

37. Defendant's unauthorized use of the PDL mark, trade name and pdlabs.net domain name constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

38. The intentional nature of the aforementioned acts of Defendant makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

39. Protein Design Labs has been, is now, and will likely be irreparably injured and damaged by Defendant's false designation of origin and/or false description insofar as the public has been and/or is induced to believe that Defendant's goods and services are connected with, sponsored by, affiliated with, or related to Protein Design Labs.

40. Defendant's conduct has damaged Protein Design Labs and will, unless enjoined by the Court, further impair the value of Protein Design Labs' name, reputation, and goodwill. This harm constitutes an injury for which Protein Design Labs has no adequate remedy at law.

## THIRD CAUSE OF ACTION
## FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))

41. Protein Design Labs realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 40 of this Complaint.

42. The PDL mark is well known and notorious. It is a famous mark that is widely recognized by customers, doctors, and the pharmaceutical industry and that identifies the goods and services of Protein Design Labs in the minds of those people, businesses and organizations. Defendant's unauthorized use of the PDL mark and trade name began after Protein Design Labs' mark had become famous.

43. Defendant's unauthorized use of the PDL mark and trade name in connection with the promotion, distribution, and sale of its goods and services dilutes and will continue to dilute the strength of the PDL mark, which consumers, doctors, businesses and industry now associate with Protein Design Labs and its goods and services.

44. Defendant's unauthorized use of the PDL mark and trade name have, and will continue to have, an adverse effect upon the value and distinctive quality of Protein Design Labs' PDL mark. Defendant's use of the PDL mark and trade name blur and whittle away at the distinctiveness and identity-evoking quality of Protein Design Labs' PDL mark.

45. Defendant's acts tend to dilute the value of Protein Design Labs' goodwill in connection with the PDL mark and to destroy the exclusive association between Protein Design Labs and its PDL mark.

46. Defendant's acts constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

47. The intentional nature of Defendant's aforementioned acts makes this an exceptional case pursuant to 15 U.S.C. § 1125(c)(2) and 15 U.S.C. § 1117(a).

48. The aforementioned acts of trademark dilution have caused, and are causing, irreparable injury to Protein Design Labs. Unless enjoined by this Court, Defendant will continue to dilute the value of the PDL mark, causing further irreparable injury to Protein Design Labs for which there is no adequate remedy at law.

**FOURTH CAUSE OF ACTION**
**DILUTION UNDER CALIFORNIA LAW**
**(CAL. BUS. & PROF. CODE § 14330)**

49. Protein Design Labs realleges and incorporates herein by reference the matters alleged in paragraphs 1 through 48 of this Complaint.

50. Protein Design Labs owns and has used the term PDL as a distinctive trade name and as a trademark throughout the United States and the world in connection with a wide variety of goods and services for almost sixteen years. The PDL mark and name are valid under common law. In fact, by reason of Protein Design Labs' longstanding and extensive use of its distinctive PDL mark on a variety of goods and services, the widespread public identification of that mark with Protein Design Labs' goods and services, and the success of the PDL brand products and services in the marketplace, the PDL mark is well-known and famous.

51. Defendant's unauthorized use of the PDL mark has diluted, and is likely to dilute, the distinctive quality of Protein Design Labs' PDL mark and trade name in violation of California Business & Professional Code § 14330.

52. Defendant willfully intended to trade on Protein Design Labs' image and reputation and to dilute the PDL mark, acted with reason to know, or was willfully blind as to the consequences of its actions.

53. Defendant's wrongful acts have caused and will continue to cause Protein Design Labs irreparable harm. Protein Design Labs has no adequate remedy at law for Defendant's dilution.

54. Protein Design Labs is entitled to a preliminary and permanent injunction enjoining and restraining Defendant from engaging in further acts of dilution pursuant to California Business & Professional Code § 14330 et seq.

**FIFTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(CAL. BUS. & PROF. CODE § 17200)**

55. Protein Design Labs realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 54 of this Complaint.

56. Defendant's acts described above constitute unfair competition in violation of California Business and Professional Code § 17200 et seq., as they are likely to deceive the public.

57. Defendant's acts of unfair competition have caused and will continue to cause Protein Design Labs irreparable harm. Protein Design Labs has no adequate remedy at law for Defendant's unfair competition.

58. Protein Design Labs is entitled to a preliminary and permanent injunction enjoining and restraining Defendant from engaging in further infringement.

**SIXTH CAUSE OF ACTION**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

59. Protein Design Labs realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 58 of this Complaint.

60. Defendant's conduct constitutes deception, by means of which their goods and services have been palmed-off as those of Protein Design Labs, whereby buyers have been deceived and Defendant has received profits which, but for such deception, it would not have received. Such conduct constitutes unfair competition and trademark infringement in violation of the common law of the State of California.

61. Protein Design Labs has used its distinctive PDL mark and trade name in connection with a variety of goods and services for sixteen years. By reason of Protein Design Labs'

longstanding and extensive use, the PDL mark and trade name have become uniquely associated with Protein Design Labs and identify Protein Design Labs as the source of those goods and services.

62. Defendant's unauthorized use of the PDL mark and trade name have caused or is likely to cause confusion or mistake or to deceive customers, consumers, the general public and the retail trade as to the affiliation, connection or association between Protein Design Labs and Defendant, and as to the origin, sponsorship, or other association of Protein Design Labs' goods and services and the goods and services offered by Defendant.

63. By reason of the foregoing, Defendant has infringed and is continuing to infringe on Protein Design Labs' common law rights in and to its PDL mark.

64. Defendant's unlawful conduct has been and continues to be willful, or willfully blind, and knowing or with reason to know.

65. Defendant's unlawful conduct has caused and will continue to cause Protein Design Labs substantial injury, including injury to Protein Design Labs' goodwill and reputation as purveyors of quality goods and services. Protein Design Labs has no adequate remedy at law for Defendant's infringement and unfair competition.

66. Protein Design Labs is entitled to a preliminary and permanent injunction enjoining and restraining Defendant from engaging in further infringement and unfair competition and for all resulting damages.

**PRAYER FOR RELIEF**

WHEREFORE, Protein Design Labs prays for relief as follows:

1. A judgment, pursuant to 28 U.S.C. § 2201, declaring that Defendant, its officers, agents, servants, employees, and representatives and all other persons, firms or corporations in active concert or participation with them, be preliminarily and thereafter permanently enjoined and restrained from (1) using in any manner the PDL mark, or any name, mark or domain name that wholly incorporates the PDL mark or is confusingly similar to or a colorable imitation of this mark, including, without limitation, the PDL mark, trade name or domain name; (2) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or prospective customers of Protein Design Labs' goods and services, as to the source of

the goods and services offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective customers, into believing that there is some connection between Defendant and Protein Design Labs; and, (3) committing any of the acts that will tarnish, blur, or dilute, or have the tendency to tarnish, blur, or dilute the distinctive quality of the PDL mark;

2. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Protein Design Labs within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant have complied with the injunction, and ceased offering their goods and services under PDL mark and trade name and implemented adequate and effective means to discontinue sales of goods and services under the PDL mark and trade name;

3. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing matter, all articles, packages, wrappers, products, displays, labels, signs, circulars, kits, packaging, letterheads, business cards, advertisements, promotional items, literature, sales aids, receptacles or other matter in the possession, custody, or under the control of Defendant or their agents or distributors bearing the trademark PDL in any manner, or any mark that is confusingly similar to or a colorable imitation of this mark, including without limitation the PDL mark and trade name, both alone and in combination with other words or terms, and all plates, molds, matrices, and other means of making the same;

4. A judgment that Defendant account for and disgorge to Protein Design Labs all of the profits realized by Defendant, or others acting in concert or participating with Defendant, resulting from Defendant's acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition, all relating to Defendant's use of the PDL mark, trade name and pdlabs.net domain name;

5. A judgment, as to all Counts, awarding compensatory and punitive damages suffered by Protein Design Labs plus interest, in an amount to be determined;

6. A judgment that Protein Design Labs be awarded three times Defendant's profits from its use of the PDL mark, trade name and pdlabs.net domain name, or three times Protein

Design Labs' damages, whichever is greater, together with its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b);

7. A judgment that Protein Design Labs recover the costs of this action plus interest; and

8. A judgment that Protein Design Labs be granted such other and further relief as the Court deems just and proper.

Dated: July 3, 2002

Respectfully submitted,

By: Katherine M Basile

Katherine M. Basile
Robert N. Phillips
Erica J. Heibel
HOWREY SIMON ARNOLD & WHITE, LLP
301 Ravenswood Avenue
Menlo Park, California 94025-3741
Telephone: (650) 463-8100
Facsimile: (650) 463-8400
Attorneys for Plaintiff
PROTEIN DESIGN LABS, INC.

# EXHIBIT A

# The United States of America

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.

**In Testimony whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this nineteenth day of December 1995.**

Commissioner of Patents and Trademarks

PTO-130
(Rev. 8-89)

**Int. Cl.: 5**

**Prior U.S. Cl.: 18**

**Reg. No. 1,942,060**

# United States Patent and Trademark Office

**Registered Dec. 19, 1995**

## TRADEMARK
## PRINCIPAL REGISTER

PROTEIN DESIGN LABS, INC. (DELAWARE CORPORATION)
2375 GARCIA AVENUE
MOUNTAIN VIEW, CA 94043

FOR: PHARMACEUTICAL PREPARATIONS FOR THE TREATMENT OF CANCER, IN CLASS 5 (U.S. CL. 18).

FIRST USE 9-30-1993; IN COMMERCE 9-30-1993.

SER. NO. 74-488,312, FILED 2-9-1994.

CHARLES L. JENKINS, EXAMINING ATTORNEY